1  STEVEN N. RICHMAN, State Bar No. 101267
   H. MARK MADNICK, State Bar No. 228126
2  **EPPORT, RICHMAN & ROBBINS, LLP**
   1875 Century Park East, Suite 800
3  Los Angeles, California 90067-2512
   Telephone:    (310) 785-0885
4  Facsimile:    (310) 785-0787
   E-Mail:    *srichman@erlaw.com*
5             *hmmadnick@erlaw.com*

6  Attorneys for Defendant FIRST FEDERAL
   BANK OF CALIFORNIA

7

8

9            **UNITED STATES DISTRICT COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA**

11

12  DANIEL Z. RAMOS,                      CASE NO. C 07-06494 BZ

13         Plaintiff,                     **MEMORANDUM OF POINTS AND**
                                          **AUTHORITIES IN SUPPORT OF**
14    v.                                  **MOTION TO DISMISS COMPLAINT**
                                          **OF DANIEL ZARAZUA RAMOS**
15  FIRST FEDERAL BANK,
                                          **DATE: March 2, 2008**
16         Defendant.                     **TIME; 10:00 a.m.**
                                          **CRTRM: G**
17

18

19

20

21

22

23

24

25

26

27

28

*left margin:* EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

First Federal Bank of California ("First Federal") seeks to dismiss the Complaint of Daniel Zarazua Ramos ("Ramos") with prejudice. The Complaint is nonsensical and a desperate attempt to stop the foreclosure on real property owned by Ramos. Ramos borrowed money from First Federal, among other financial institutions, and failed to make monthly payments. The lenders, including First Federal, are therefore entitled to complete their foreclosure proceedings.

On or about October 18, 2006, Ramos borrowed money from First Federal in the amount of $320,400.00. The funds are secured by a deed of trust covering real property located at 4529 Spellbinder Court, Sacramento, California (hereinafter the "First Federal Deed of Trust"). (Request For Judicial Notice, Exhibit "A"). Ramos failed to make payments owed to First Federal, resulting in First Federal's filing a Notice of Default on or about November 28, 2007. (Request for Judicial Notice, Exhibit "B"). Ramos has not tendered any additional payments after the filing of the Notice of Default.

On December 28, 2007, Ramos filed the instant Complaint. The Complaint is identical to one that was previously dismissed by the Honorable Charles R. Bryer on October 31, 2007, and November 28, 2007. (Request for Judicial Notice, Exhibits "C" and "D," respectively.)

Ramos styles the Complaint as an action for a dispute under Maritime Law. However, the relationship between Ramos and First Federal is unrelated to Maritime Law, or for that matter, any law cited in Ramos' Complaint. The remainder of the Complaint is replete with irrelevant citations to facts and legal authority. Because Ramos fails to articulate any coherent claim for relief, the Complaint must be dismissed.

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

## II.

## RAMOS FAILS TO MAKE SPECIFIC FACTUAL OR LEGAL ALLEGATIONS UPON WHICH RELIEF CAN BE GRANTED

A.      Federal Rule of Civil Procedure 8.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). The Rule also requires that each claim be "simple, concise, and direct." Fed. Rule Civ. Proc.(e)(1). These rules ensure that a complaint gives fair notice to defendants and states the elements of the claim plainly and succinctly. *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984.) A complaint fails to give fair notice when it is "so verbose, confused and redundant that its true substance, if any, is well disguised." *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965).

B.      Federal Rule of Civil Procedure 12(b)(6)

A Complaint is appropriately dismissed when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). However, conclusory legal allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).

A Rule 12(b)(6) motion may take into consideration the exhibits and matters subject to judicial notice, and how they refute conclusory allegations of a complaint:

1    The court need not...accept as true allegations that contradict matters
2    properly subject to judicial notice or by exhibit. Nor is the court required to
     accept as true allegations that are merely conclusory, unwarranted deductions
3    of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266
     F.3d 979, 988 (9th Cir. 2001).

4    C.    Federal Rule of Civil Procedure 12(e)

5         Federal Rule of Civil Procedure 12(e) authorizes a defendant to move for a more

6    definite statement if the complaint "is so vague and ambiguous that a party cannot

7    reasonably be required to frame a responsive pleading[.]" FED. R. CIV. PROC. 12(e). A

8    complaint must provide the defendant with a sufficient basis to frame a responsive

9    pleading. *Federal Sav. and Loan Ins. Corp. v. Musacchio*, 695 F.Supp. 1053, 1060 (N.D.

10   Cal. 1988). Generally, the court will require a more definite statement when the pleading

11   is "so vague or ambiguous that the opposing party cannot respond, even with a simple

12   denial, in good faith or without prejudice to himself." *Delta Educ., Inc. v. Langlois*, 719

13   F.Supp. 42, 50 (D.N.H. 1989); B*ureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D. Cal.

14   1996) ("[A] motion for a more definite statement should not be granted unless the

15   defendant literally cannot frame a responsive pleading.").

16

17                                      **III.**

18   **RAMOS' FAILS TO ALLEGE ANY CLAIMS AGAINST FIRST FEDERAL UPON**

19                **WHICH THIS COURT CAN GRANT RELIEF**

20        Ramos makes a litany of allegations against First Federal which are wholly

21   irrelevant and nonsensical. Claims which are factually or legally impossible for a pro se

22   plaintiff to prove are properly terminated, as "a court may dismiss a pro se litigant's

23   complaint without leave to amend if it appears beyond a doubt that the plaintiff can prove

24   no set of facts that would entitle him to relief and this defect cannot be cured by

25   amendment." *Moore v. United States*, 193 F.R.D. 647, 651 (N.D. Cal. 2000).

26        Here, Ramos' Complaint seeks relief under a multitude of seemingly unrelated

27   statures and legal theories. Moreover, from the Complaint it is impossible to determine

28   what relief Ramos is even requesting. The Court's reasoning in dismissing Ramos' earlier

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

1  Complaint is just as appropriate here.  There, the Court determined that "the papers are

2  incomprehensible and it is impossible for the Court to discern the basis for plaintiff's

3  lawsuit."  (See Request for Judicial Notice, Exhibits "C" and "D").  Accordingly, First

4  Federal respectfully requests that this Court dismiss Ramos' Complaint in its entirety.

5  Furthermore, because the Complaint is so replete with nonsense, Ramos cannot amend the

6  Complaint to articulate a cause of action and this Court should dismiss the Complaint with

7  prejudice.

8  ## IV.

9  ## **CONCLUSION**

10  First Federal respectfully requests that this Court dismiss the Complaint filed by

11  Ramos in its entirety.  The Complaint fails to articulate a single cognizable basis for relief.

12  Further, because the Complaint cannot possibly state a claim, the Complaint should be

13  dismissed with prejudice.

14

15

16  DATED: January 22, 2008          EPPORT, RICHMAN & ROBBINS, LLP

17

18

          By:  /S/ H. MARK MADNICK
19                H. MARK MADNICK
                Attorneys for Defendant FIRST FEDERAL BANK
20                OF CALIFORNIA

21

22

23

24

25

26

27

28

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

8710 MPA Motion to Dismiss.doc

C 07-06494 BZ

*MEMORANDUM OF POINTS AND AUTHORITIES*

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, Suite 800, Los Angeles, California 90067-2512.

On January 22, 2008, I served true copies of the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT OF DANIEL ZARAZUA RAMOS** on the interested parties in this action as follows:

Daniel Zarazua Ramos                    In Pro Per
Monica Huerta Martinez
4529 Spellbinder Court
Sacramento, California 95826-6509

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Epport, Richman & Robbins, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing as set forth in this Proof of Service.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction this service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 22, 2008, at Los Angeles, California.



Darice Pequignot

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

8710 MPA Motion to Dismiss.doc

C 07-06494 BZ