1  STEVEN N. RICHMAN, State Bar No. 101267
   H. MARK MADNICK, State Bar No. 228126
2  **EPPORT, RICHMAN & ROBBINS, LLP**
   1875 Century Park East, Suite 800
3  Los Angeles, California 90067-2512
   Telephone:  (310) 785-0885
4  Facsimile:   (310) 785-0787
   E-Mail:    *srichman@erlaw.com*
5             *hmmadnick@erlaw.com*

6  Attorneys for Defendant FIRST FEDERAL
   BANK OF CALIFORNIA

7

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  DANIEL Z. RAMOS, | CASE NO. C 07-06494 BZ |
| 13      Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT OF DANIEL ZARAZUA RAMOS** |
| 14      v. | |
| 15  FIRST FEDERAL BANK, | |
| 16      Defendant. | DATE: March 5, 2008<br>TIME; 10:00 a.m.<br>CRTRM: G |

17      **TO THE HONORABLE BERNARD ZIMMERMAN:**

18      Defendant First Federal Bank of California ("First Federal") hereby requests that the

19  Court take judicial notice of the following documents:

20  A.   Deed of Trust between First Federal and Daniel Zarazua Ramos ("Ramos"), dated

21       October 18, 2006, and recorded October 30, 2006, in Sacramento County in Book

22       No. 20061030, Page 1582;

23  B.   Notice of Default and Election to Sell the real property known as 4529 Spellbinder

24       Court, Sacramento, California 95826 (the "Property") recorded November 28, 2007,

25       in Sacramento County in Book No. 20071128, Page 00130.

26  C.   The Order dismissing *Ramos v. World Savings, et al.*, Case No. 07 mc 80249-CRB,

27       dated October 31, 2007;

28

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

D.  The Order dismissing *Ramos v. World Savings, et al.*, with prejudice, Case No. 07 mc 80249-CRB, dated November 28, 2007.

DATED: January 22, 2008            EPPORT, RICHMAN & ROBBINS, LLP

By:  /S/ H. MARK MADNICK
     _____
     H. MARK MADNICK
Attorneys for Defendant FIRST FEDERAL BANK OF CALIFORNIA

WHEN RECORDED MAIL TO:

FIRST FEDERAL BANK OF CALIFORNIA
401 Wilshire Boulevard / LOAN SERVICE
Santa Monica, California 90401

Loan No. 49964368
Title Order No. 06-31109212-GH

```
Sacramento County Recording
Craig A Kramer, Clerk/Recorder
BOOK 20061030 PAGE 1582
Check Number  7956
Monday, OCT 30, 2006   1:36:05 PM
Ttl Pd   $45.00        Nbr-0004580620
                       DLM/17/2-10
```

Space above this line for recorder's use

☐ CONSTRUCTION  ☒ NON-CONSTRUCTION
Deed of Trust and Assignment of Rents
**ADJUSTABLE INTEREST RATE LOAN**

**THE NOTE SECURED BY THIS DEED OF TRUST PROVIDES FOR CHANGES IN THE INTEREST RATE AND MONTHLY PAYMENTS AND MAY PROVIDE FOR THE ADDITION OF UNPAID INTEREST TO PRINCIPAL (NEGATIVE AMORTIZATION). SEE THE NOTE DESCRIBED BELOW FOR FULL DESCRIPTION OF LOAN TERMS.**

THIS DEED OF TRUST IS MADE ON        October 18, 2006                          The trustor is

**Daniel Zarazua Ramos and Monica Huerta Martinez, husband and wife as community property**

("Borrower"). The trustee is SEASIDE FINANCIAL CORPORATION ("Trustee"). The beneficiary is FIRST FEDERAL BANK OF CALIFORNIA, a federally chartered savings bank and whose address is 401 Wilshire Boulevard, Santa Monica, California 90401 ("Lender", "Note Holder" or "Beneficiary").

Borrower owes Lender the principal sum of
**THREE HUNDRED TWENTY THOUSAND FOUR HUNDRED AND 00/100**
                                                    Dollars (U.S. $ 320,400.00).

This debt is evidenced by Borrower's note dated the same date as this Deed of Trust ("Note") which provides for monthly payments, with the full debt, if not paid earlier, due and payable on 11/01/2046. This Deed of Trust secures to Lender: (a) the repayment of the debt evidenced by the Note with interest and all renewals, extensions and modifications; (b) the payment of all other sums, with interest, advanced under paragraph 6 to protect the security of this Deed of Trust; (c) the performance of Borrower's covenants and agreements under this Deed of Trust and the Note; (d) the performance, if the loan secured by this Deed of Trust is a construction loan, of Borrower's covenants and agreements contained in a construction or building loan or similar agreement; (e) the performance, if the security property is subject to a lease, of the terms and conditions of any such lease; (f) compliance with the terms of any Declaration of Covenants, Conditions and Restrictions or similar instruments pertaining to the security property; (g) the performance of any agreement of Borrower to pay fees and charges to Lender whether or not set forth in this Deed of Trust; and (h) the payment of charges allowed by law for any statement regarding the obligation secured by this Deed of Trust.
For this purpose and otherwise for valuable consideration, Borrower irrevocably grants, transfers, assigns and conveys to Trustee, in trust with power of sale, in the case of a lease, the leasehold estate in and to the property described below, and the following described property located in **Sacramento** County, California:

**AS PER LEGAL DESCRIPTION MARKED EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF, CONSISTING OF 1 PAGE**

063-0250-056

Which has the address of    4529 Spellbinder Court, Sacramento, CA 95826

("Property Address")

EXHIBIT ___A___
PAGE ___3___

**FUTURE TAX STATEMENTS MAY BE MAILED TO BORROWER AT THE ADDRESS SHOWN ABOVE**

FUN 20101 (2004-02-18) (OS 016)

TOGETHER WITH all the improvements now or hereafter erected on the property and all present and future easements, rights, rights of way, appurtenances, rents, royalties, leases, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter made a part of the property. The following items are added to the Property description, and shall also constitute the Property covered by this Deed of Trust: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but no limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings now or hereafter attached to the Property.   All replacements and additions are also covered by this Deed of Trust.   Borrower agrees to execute and deliver, if requested by Lender, any further instruments necessary to confirm the lien of this Deed of Trust on any equipment. All of the foregoing is referred to in this Deed of Trust as the "Property".

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant, convey and assign the Property (and, if this Deed of Trust is on a leasehold, that the ground lease is in full force and effect without default on the part of either lessor or lessee thereunder), that the Property is unencumbered, except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to any easements and restrictions listed in a schedule of exceptions to coverage in any title insurance policy insuring Lender's interest in the Property.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, BORROWER AGREES AS FOLLOWS:

(1) **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal of and interest on the indebtedness evidenced by the Note, any other charges provided in the Note and all other sums secured by this Deed of Trust.

(2) **Construction of Improvements.** Borrower will complete in a good and workmanlike manner any building or improvement or repair which may be begun on the Property, pay any costs incurred when due, and not permit any mechanic's lien against the Property nor any stop notice against loan proceeds.

(3) **Preservation and Maintenance of Property; Nuisance; Duty to Protect; Leaseholds.** Borrower shall not destroy, damage, or substantially change the Property, allow the Property to deteriorate, or abandon the Property. Borrower shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Specifically without limitation, Borrower will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), soil, gravel or rock products without the prior written consent of Lender. Borrower agrees neither to abandon nor leave unattended the Property. Borrower shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property. If this Deed of Trust is on a leasehold, Borrower shall comply with the provisions of the lease, and if Borrower acquires fee title to the Property, the leasehold and fee title shall not merge unless Lender agrees to the merger in writing.

(4) **Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured at all times against loss by fire, hazards included within the term 'extended coverage' and any other hazards for which Lender (and, if this Deed of Trust is on a leasehold, the ground lease) requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires, with loss payable to Lender. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld.
All insurance policies and renewals shall be subject to the approval of Lender and shall include a standard mortgage clause in favor of and in form acceptable to Lender, whether or not such insurance was required by Lender. All insurance procured by or for the benefit of Borrower pertaining to the Property, whether such insurance is required by Lender or not, shall name Lender as the loss payee. Lender shall have the right to hold all policies and renewals. Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event that Borrower obtains any new insurance policies or coverage pertaining to the Property, Borrower shall promptly notify Lender and promptly provide copies of said items. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.
At least 30 days prior to the expiration of any insurance policy, Borrower shall obtain and deliver to Lender written evidence of the payment of the renewal premium. If Borrower does not deliver such evidence to Lender or if the insurance is terminated, Lender is specifically requested by Borrower to obtain insurance and include the cost as an amount due pursuant to the Note. Lender is not obligated to obtain the insurance, but if it does so, it may obtain the insurance from any insurance agency or company acceptable to it. If the Lender does obtain such insurance, the Borrower shall reimburse all sums advanced together with interest thereon at the rate of interest due according to the Note, with such reimbursement all due and payable with the next scheduled monthly payment due on the Note. The Borrower is hereby made aware of the fact that any substitute or replacement insurance procured by the Lender will likely cost much more than the insurance which could be procured by the Borrower.
Unless Lender and Borrower otherwise agree in writing, all insurance proceeds (whether or not the policy or provision was required by Lender) shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sum secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. The 30-day period will begin when the notice is given.
If under paragraph 14 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Deed of Trust immediately prior to the acquisition. Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the Borrower's monthly payments or change the amount of the payments.

EXHIBIT ___A___
PAGE ___4___

(5) **Life, Health, or Accident Insurance**. If Borrower maintains life, accident or health insurance and Lender is the owner or holder of any policy of such insurance as further security hereunder. Lender may elect to pay any premiums if Borrower does not make the payment, and any amount so paid shall be secured hereby.

(6) **Taxes and Other Sums Due; Liens**. Borrower shall timely pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Deed of Trust, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 7, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.
    If Borrower fails to make any such payment, Lender, without contesting the validity or amount, may make the payment together with any related costs, expenses, fees, or charges, and thereafter enforce all rights relating to said payment as provided to Lender by this Deed of Trust or by law. Borrower agrees to notify Lender and appropriate taxing authorities immediately upon the happening of any event which does or may effect the value of the Property, the amount or basis of the Property, or the availability of any exemption to which Borrower may be entitled, if any law is passed deducting from the value of real property for tax purposes any lien thereon, or changing in any way the laws for the taxation of deeds of trust or debts secured by deed of trust for state or local purposes, or the manner of the collection of any such taxes, including, but not limited to, the postponement of the payment of all or any part of any real or personal property taxes, which would affect this Deed of Trust, the holder of this Deed of Trust and the Note which it secures shall have the right to declare the principal sum and the interest due; provided, however, that such election shall be ineffective if Borrower is permitted by law to pay the whole of such tax in addition to all other payments required hereunder and if, prior to such specified date, does pay such tax and agrees to pay any such tax when hereafter levied or assessed against the Property, and such agreement shall be a modification of this Deed of Trust. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Deed of Trust, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien within ten days of the giving of notice.

(7) **Impounds**. Subject to applicable law and if Lender so requests, Borrower shall pay to Lender on the day monthly payments are due under the Note until the Note is paid in full, a sum ("Funds") equal to one-twelfth of: (a) yearly taxes and assessments which may attain priority over this Deed of Trust; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard insurance premiums; and (d) yearly mortgage insurance premiums, if any. These items are called 'Impounds'. Lender may estimate the Funds due on the basis of current data and reasonable estimates of future Impounds.
    The Funds may be intermingled with other monies of Lender, and shall not bear interest except as required by law. If Lender requires Impounds due to Borrower's failure to timely make payments pursuant to paragraph 6, Borrower acknowledges and agrees that no interest shall be paid by Lender on such Funds. Lender shall apply the Funds to pay the Impounds. Lender shall give to Borrower all reports of Impounds as required by law. The Funds are hereby pledged as additional security for the sums secured by this Deed of Trust.
    If the amount of the Funds held by Lender, together with the future monthly payments of Funds payable prior to the due dates of the Impounds, shall exceed the amount required to pay the Impounds when due, the excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly payments. If the amount of the Funds held by Lender is not sufficient to pay the Impounds when due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as required by Lender. Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 14 the Property is sold or acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

(8) **Assignment of Awards and Damages to Lender**. Borrower assigns to Lender all sums due, paid, or payable, (a) for injury to the Property: or (b) in connection with this loan transaction. Lender may, at its option, begin, intervene in, appear in or prosecute in its own name, any legal action, or make any compromise or settlement in connection therewith. If required by Lender, Borrower agrees to execute further assignments of any such compensation, award, damages, rights of action and proceeds.

(9) **Protection of Lender's Security**. If borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects the Property or title thereto or the interest of Lender therein, including, but not limited to, eminent domain, insolvency, code enforcement, or arrangements or proceedings involving a bankrupt or decedent, then Lender at Lender's option may make such appearances, disburse such sums and take such action as Lender deems necessary, in its sole discretion, to protect Lender's interest, including, but not limited to, (i) disbursement of funds and attorneys' fees, (ii) entry upon the Property to make repairs, (iii) procurement of satisfactory insurance as provided in paragraph 4 hereof, and (iv) if this Deed of Trust is on a leasehold, exercise of any option to renew or extend the ground lease on behalf of Borrower and the curing of any default by Borrower in the terms and conditions of the ground lease. Any amounts disbursed by Lender pursuant to this paragraph 9, with interest thereon, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be immediately due and payable and shall bear interest from the date of disbursement at the rate stated in the Note unless collection from Borrower of interest at such rate would be contrary to applicable law. Borrower hereby covenants and agrees that Lender shall be subrogated to the lien of any mortgage or other lien discharged, in whole or in part, by the indebtedness secured hereby. Nothing contained in this paragraph 9 shall require Lender to incur any expense or take any action hereunder.

(10) **Condemnation**. The proceeds of any award or claim for damages, direct or indirect, in connection with any condemnation action or proceeding, or for conveyance in lieu of condemnation are hereby assigned and shall be paid to Lender, subject, if this Deed of Trust. Said application shall not cure or waive any default or notice of default nor invalidate any act done because of such notice, nor shall said application change the due date or amount of the monthly payments due on the Note secured by this Deed of Trust.

(11) **Failure of Borrower to Comply with Deed of Trust**. If Borrower fails to make any payment or do any act provided in this Deed of Trust, Borrower will be in default.

(12) **Sums Advanced To Bear Interest**. Any sums advanced by Lender under this Deed of Trust will be secured hereby and will bear interest from the date advanced at the same rate as the debt secured by this Deed of Trust.

(13) **Application of Payments**. Subject to the terms of the Note, Lender has the right to determine how payments received will be allocated among the various items which make up Borrower's obligations to Lender.

EXHIBIT ___A___

PAGE ___5___

FUN 20103 (2003-11-12)                    Page 3

(14) **Acceleration Clause: Right to Declare Sums Due.** Irrespective of the maturity date specified in any note or agreement pertaining to any indebtedness secured hereby, Lender shall have the right, at its option, to declare an indebtedness and obligations secured hereby immediately due and payable upon such declaration if: (a) Borrower is in default; or (b) Borrower or any successor in interest to Borrower of such Property sells, enters into a contract of sale, conveys or alienates such Property or any part thereof, or suffers his title or any interest to be divested, whether voluntarily or involuntarily or leases such Property or any part thereof for a term of more than 3 years, or changes or permits to be changed the character or use of the Property, or drills or extracts or enters into a lease for the drilling for or extracting of oil, gas or other hydrocarbon substance or any mineral of any kind or character on such Property; or (c) Borrower is a partnership and the interest of a general partner is assigned, transferred, or inherited; or (d) Borrower is a corporation and more than 25% of the corporate stock thereof is sold, transferred or assigned during a 12 month period; or (e) Borrower is a trust and there is a change of beneficial interest with respect to more than 25% of such property; or (f) Borrower has made any material misrepresentation or failed to disclose any material fact in those certain financial and other written representations and disclosures made by Borrower in order to induce Lender to enter into the transaction evidenced by the Promissory Note or notes or agreements which this Deed of Trust secures, or (g) the insolvency of Borrower, appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower, or the dissolution or termination of Borrower's existence as a good business (if Borrower is a business), or (h) any breach by Borrower under the terms of any other agreement between Borrower and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Borrower to Lender, whether existing now or later, or (i) Lender deems itself to be financially insecure as to this transaction.

(15) **Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

(16) **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** This Deed of Trust shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 14. Borrower's covenants and agreements shall be joint and several. Any person who co-signs this Deed of Trust but does not execute the Note: (a) is co-signing this Deed of Trust only to mortgage, grant and convey that person's interest in the Property under the terms of this Deed of Trust; (b) is not personally obligated to pay the sums secured by this Deed of Trust; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Deed of Trust or the Note without that person's consent.

(17) **Legislation or Regulation Affecting Lender's Rights.** If enactment or expiration of applicable laws or regulations has the effect of rendering any provision of the Note or this Deed of Trust unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Deed of Trust and may invoke any remedies permitted herein. If Lender exercises this option, Lender shall take the steps specified in paragraph 24.

(18) **Governing Law; Severability.** The Note and this Deed of Trust shall be governed by the laws, rules and regulations of the United States including, without limitation, the laws, rules and regulations relating to federally chartered savings banks, provided, however, that, to the extent that the Note and this Deed of Trust shall be deemed to be governed by state law, the Note and this Deed of Trust shall be governed by the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Note are declared to be severable.

(19) **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Deed of Trust.

(20) **Right to Collect Rents and Profits/Assignment of Leases.** If Borrower is in default hereunder, Lender (in person, by agent, or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the property, and to collect the rents of the Property (including but not limited to those past due). Any rents collected by Lender or the receiver shall be applied first to costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds, and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Upon Lender's request, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph the word "lease" shall mean "sublease" if the Deed of Trust is on a leasehold.

(21) **Remedies.** No remedy provided by this Deed of Trust is exclusive of any other remedy allowed by law or any other writing. Instead, to the extent permitted by law, all remedies available to Lender by contract or law shall be cumulative and may be exercised singularly or concurrently. Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy. Without limitation, Lender reserves the right to judicially foreclose upon the Property and obtain a judgment against Borrower for any unpaid deficiency, where permitted by law.

(22) **Power of Trustee.** At Lender's request, Trustee may: (1) release any debt; (2) extend the time or alter other terms of payment of such debt; (3) accept additional security; (4) substitute or release any security property; (5) recover all or part of any security property; (6) consent to the making of any map or plat; (7) join in granting any easement on the Property; or (8) join in any extension or subordination agreement. Any such act by Trustee will not affect Borrower's liability for the payment of the debt secured by this Deed of Trust, nor will it affect the lien of this Deed of Trust on the remainder of the Property for the full amount of Borrower's debt to Lender.

(23) **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing debt secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it, and may charge such fees for each full or partial reconveyance of this Deed of Trust then customarily charged for such services.

EXHIBIT ___A___

PAGE ___6___

(24) **Default; Acceleration; Trustee's Sale upon Default.** For purposes of paragraph 14 and this paragraph 24, a "default" by Borrower shall mean a failure by Borrower to pay any monthly installment under the Note when due, or otherwise perform any obligation required by the Note, or a breach or default by Borrower of any of the provisions of the Deed of Trust, or a breach or default by Borrower under any other Deed of Trust, or other instrument secured by the property described in the Deed of Trust. Pursuant to paragraph 14 and this paragraph 24, in the event of a default by Borrower the entire principal amount outstanding under the Note and Deed of Trust and accrued interest thereon and late charges and other costs shall at once become due and payable at the option of the Note Holder without prior notice and regardless of any prior forbearings. Upon such a default by Borrower, Lender at its option may deliver to Trustee a written declaration of default and demand for sale and shall cause to be filed of record a written notice of default and of election to cause to be sold the Property described in the Deed of Trust. Lender shall also deposit with the Trustee the Deed of Trust and any notes and all documents evidencing expenditures secured thereby. If Lender invokes the power of sale and after the lapse of such time as then may be required by law following recordation of such notice of default, and notice of sale having been given as then required by law, without demand on Borrower, Trustee may sell such Property at the time and place filed by such Trustee and such notice of sale, either as a whole or in separate parcels, and in such order as the Trustee shall determine (subject to such rights as Borrower may have at law to direct such order of sale), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of such property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recital in such deed of any matters of fact shall be conclusive proof of the truthfulness thereof. Any person, including Borrower, Trustee or Lender, may purchase at such sale. After deducting all costs, fees and expenses of Trustee, and of this Deed of Trust, including costs of evidence of title in connection with such sale, Trustee first shall apply the proceeds of sale to payment of all sums expended under the Deed of Trust, not then repaid, with accrued interest at the rate then payable under the Note or notes secured thereby, and then to payment of all other sums secured thereby and, if thereafter there be any proceeds remaining, shall distribute them to the person or persons legally entitled thereto.

(25) **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the instrument number and recording date where this Deed of Trust is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law.

(26) **Waiver of Statute of Limitations.** Time is of the essence in all of Borrower's obligations. To the extent permitted by law, Borrower waives all present or future statutes of limitations with respect to any debt, demand or obligation secured by this Deed of Trust, in any action to enforce this Deed of Trust.

(27) **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. The right of inspection shall include, but is not necessarily limited to, the right to conduct tests upon and take samples of the soil, the air, and all other chemicals contained on the Property, within the subsurface of the Property, and in the air located upon the Property. If the Property is used for commercial or residential income purposes, at Lender's request Borrower shall deliver to Lender certified copies of all business records, a certified statement of gross and net annual income received from the Property during Borrower's previous fiscal year in such form and detail as Lender shall require, and any other financial statements or records relating to the Property.

(28) **Offsets.** No indebtedness secured by this Deed of Trust shall be deemed to have been offset or to be offset or compensated by all or part of any claim, cause of action, counterclaim or crossclaim, whether liquidated or unliquidated, which Borrower now or hereafter may have or may claim to have against Lender; and, in respect to the indebtedness now or hereafter secured hereby, Borrower waives, to the fullest extent permitted by law, the benefits of California Code of Civil Procedure Section 431.70 (and any successor laws), which Section provides:

> "Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in his answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would at the time of filing the answer be barred by the statute of limitations. If the cross-demand would otherwise be barred by the statute of limitations, the relief accorded under this section shall not exceed the value of the relief granted to the other party. The defense provided by this section is not available if the cross-demand is barred for failure to assert it in a prior action under Section 426.30. Neither person can be deprived of the benefits of this section by the assignment or death of the other. For the purposes of this section, a money judgment is a 'demand for money' and, as applied to a money judgment, the demand is barred by the statute of limitations when enforcement of the judgment is barred with Chapter 3 (commencing with Section 683.010) of Division 1 of Title 9."

(29) **Misrepresentation or Nondisclosure.** Borrower has made certain written representations and disclosures in order to induce Lender to make the loan evidenced by the Note or notes which the Deed of Trust secures, and in the event that Borrower has made any material misrepresentation or failed to disclose any material fact, Lender, at its option and without prior notice, shall have the right to declare the indebtedness secured by the Deed of Trust, irrespective of the maturity date specified in the Note or notes, immediately due and payable. Trustee, upon presentation to it of an affidavit signed by Lender setting forth facts showing a default by Borrower under this paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon hereunder.

(30) **Statement of Obligation.** Lender may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

(31) **Notices.** Any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing it by first class mail, unless another method is required by law. The notice shall be sent to the Property address unless Borrower designates by notice a different address. Any notice to Lender must be given by first class mail to Lender's address stated above unless Lender designates a different address. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph, provided customary time for mail delivery shall have passed before such presumption is effective.

EXHIBIT A

Page 5

PAGE 7

FUN 20105 (2003-11-12)

(32) **Request for Notices.** Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

(33) **Modification.** This Deed of Trust can only be modified in writing and signed by Borrower and Lender.

(34) **Loan Charges.** If a law, which applies to the loan secured by this Deed of Trust and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with such loan exceed the permitted limits, then any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit.

(35) **Attorneys' Fees.** Borrower agrees to pay the following costs, expenses and attorney's fees paid or incurred by Note Holder: (1) reasonable costs of collection, expenses, and attorneys' fees paid or incurred in connection with the collection, enforcement or interpretation of the Note or this Deed of Trust, whether or not suit is filed; (2) reasonable costs of collection, expenses, and attorneys' fees paid or incurred in workout negotiations or modifications; and (3) costs of suit and attorneys; fees in such sum as the court may adjudge in any action to enforce payment of this Deed of Trust or any part of it.

(36) **Security Agreement; Financing Statements.** The following provisions relating to this Deed of Trust as a security agreement are hereby made a part of this Deed of Trust:
Security Agreement. This instrument shall constitute a security agreement to the extent any of the Property (a) constitutes fixtures; or (b) personal property of Borrower is located upon the Property, and such personal property is used to operate or maintain the Property. Lender shall have all of the rights of a secured party as to said items under the Uniform Commercial Code as amended from time to time.
Security Interest. Upon request by Lender, Borrower shall execute financing statements and take whatever other action is requested by Lender to perfect and continue Lender's security interest in the rents, fixtures and personal property. Borrower shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Borrower shall assemble the personal property in a manner and at a place reasonably convenient to Borrower and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender.
Addresses. The mailing addresses of Borrower (debtor) and Lender (secured party), from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code), are as stated on the first page of this Deed of Trust.

(37) **Hazardous Substances.** Borrower represents and warrants that, so long as this Deed of Trust remains a lien on the Property, the Property never has been, and never will be, used for the generation, manufacture, storage, treatment, disposal, release or threatened release of any hazardous waste or substance, as those terms are defined in the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99.499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et. seq., the Resource Conservation and Recovery Act, 49 U.S.C. Section 6901, et seq., the Clean Water Act, 33 U.S.C. Section 466 et. seq. the Safe Drinking Water Act, 17 U.S.C. Section 1401 et. seq., the Toxic Substance Control Act, 15 U.S.C. Section 2601 Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 13000 and 25100, et. seq., and as subsequently amended, or other applicable state or Federal laws, rules or regulations. The representations and warranties contained herein are based on Borrower's due diligence in investigating the Property for hazardous waste. Borrower hereby (a) releases and waives all claims against Lender for indemnity or contribution in the event Borrower becomes liable for cleanup or other costs under any such laws, and (b) agrees to indemnify, defend and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to and/or during Borrower's ownership or interest in the Property, whether or not the same was or should have been known to Borrower. The provisions of this section of the Deed of Trust, including the obligations to indemnify and defend, shall survive the payment of the indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

(38) **Compliance With Laws.** Borrower warrants that the Property and Borrower's actual or intended use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

(39) **Acceptance by Trustee.** Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

(40) **Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

(41) **Assumptions.** During the term of the Note, the Lender shall not exercise its right to declare all sums due, as provided in paragraph 14 of this Deed of Trust, in the event of the sale or transfer of the Property to a creditworthy buyer so long as such buyer applies for the assumption of the loan in advance of accepting title to the Property, and so long as the buyer, in the Lender's sole and absolute judgment, qualifies for the loan evidenced by the Note, executes an assumption agreement acceptable to Lender, and pays Lender any fees required by Lender assessed in connection with an assumption; and so long as the loan is current and the Property qualifies for the loan at the same or lower loan to value ratio than the original loan balance bore to the then fair market value of the Property. The Note may not be assumed unless the legal and beneficial title to the Property has at all times remained with Borrower. This paragraph 41 shall be effective only if a substantially similar provision is contained in the Note secured by this Deed of Trust.

(42) **Condominium or Planned Unit Development Provisions.** In the event that the Property comprises (I) a unit in, together with an undivided interest in the common elements of, a condominium project ('Condominium Project') or (ii) a parcel of land improved with a dwelling, which, together with other such parcels and certain common areas and facilities, forms a planned unit development ("PUD"), Borrower and Lender further covenant and agree as follows:

EXHIBIT A
PAGE 8

Loan No. 4996456

(42) **Condominium or Planned Unit Development Provisions.** In the event that the Property comprises (I) a unit in, together with an undivided interest in the common elements of, a condominium project ('Condominium Project') or (ii) a parcel of land improved with a dwelling, which, together with other such parcels and certain common areas and facilities, forms a planned unit development ("PUD"), Borrower and Lender further covenant and agree as follows:

(a) **Assessment and Obligations.** Borrower shall promptly pay, when due, all assessments imposed by the Owner Association, Homeowners' Association, or other governing body of the Condominium Project or PUD ("Owners' Association"). Borrower shall perform all of Borrower's obligations under the provisions of the Declaration, Trust Instrument, Articles of Incorporation, By-laws, Code of Regulations or other constituent document of the Condominium Project or PUD (the "Instrument").

(b) **Hazard Insurance.** In the case of a Condominium Project, so long as the Owners' Association maintains a "master" or "blanket" policy on the Condominium Project which provides insurance coverage against fire, hazards included within the term 'extended coverage' and such other hazards as Lender may require, and in such amounts and for such periods as Lender may require, then: (1) Borrower's obligation under paragraph 4 hereof of maintain hazard insurance coverage on the Property is deemed satisfied; and (2) the provisions of paragraph 4 hereof regarding application of hazard insurance proceeds shall be superseded by any provision of the Instrument or of applicable law to the extent necessary to avoid a conflict between such provisions and the provisions of paragraph 4 hereof. For any period of time during which such hazard insurance coverage is not maintained, the immediately preceding sentence shall be deemed to have no force or effect. Borrower shall give Lender prompt notice of any lapse in such hazard insurance coverage.

In the case of a Condominium Project or PUD, in the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss, in the case of a Condominium Project, to the Property, whether to the unit or to common elements, or, in the case of a PUD, to the common areas and facilities of the PUD, any such proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Deed of Trust, with the excess, if any, paid to Borrower.

(c) **Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

(d) **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the common areas and facilities, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sum secured by this Deed of Trust in the manner provided in paragraph 10 hereof.

(e) **Lender's Prior Consent.** Borrower shall not, except with notice to Lender and with Lender's prior written consent, consent to: (1) the abandonment or termination provided by law in the case of substantial disruption by fire or other casualty or in the case of a taking by condemnation or eminent domain; (2) any material amendment to the instrument of the Condominium Project or PUD, including, but not limited to, any amendment that would change the percentage interest of the unit owners in the common areas and facilities of the Condominium Project or PUD; (3) the effectuation of any decision by the Owners' Association to terminate professional management and assume self-management of the Condominium Project or PUD; (4) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lenders; or (5) in the case of a PUD, the transfer, release, encumbrance, partition or subdivision of all or part of the PUD's common areas and facilities, except as to the Owners' Association's right to grant easements for utilities and similar or related purposes.

(43) **Construction Loan Provisions.** If all or any portion of the proceeds of the loan secured by this Deed of Trust are to be used for construction of improvements on the Property covered by the Deed of Trust, the following additional provisions shall apply unless otherwise specified in the Note: Borrower agrees: (1) to commence construction promptly and in any event within thirty (30) days from recordation of the Deed of Trust, and to complete the same in accordance with plans and specifications satisfactory to Lender and to comply with all the provisions of the building loan or similar agreement entered into with Lender; (2) to allow Lender to inspect the security property at all times during construction; (3) to replace any work or materials unsatisfactory to Lender within fifteen (15) calendar days, after notice from Lender of such fact, which notice may be given to Borrower by registered or certified mail, sent to Borrower's last known address, or by personal service of the same; (4) not to suffer or permit any cessation of work on the construction of such improvements for any reason whatsoever for a period of fifteen (15) calendar days, whether consecutive or not without the written consent of Lender; and (5) to promptly pay all claims for labor performed and materials furnished in connection with the said construction and not to permit any claims or lien for said work or material to be filed of record against the security property. If the security property is a part of a larger tract upon which improvements shall be constructed, Borrower shall make separate contracts and subcontracts for said construction which shall pertain to the security property only and shall keep separate, full and complete records of all work and materials furnished to such property. Trustee, upon presentation to it of an affidavit signed by Lender setting forth facts showing a default by Borrower under this paragraph, is authorized to accept as true and conclusive the facts and statements therein, and to act thereon hereunder.

(44) **Adjustable Rate Mortgage Provisions.** The Note secured by this Deed of Trust may contain provisions that permit: (i) increases and decreases to the rate of interest provided in the Note on a periodic basis, (ii) increases and decreases to the monthly payment of principal and interest on a periodic basis; (iii) limitations on increases in the rate of interest, and may contain provisions that permit; (iv) limitations on increases and decreases in the monthly payment of principal and interest on a periodic basis; and (v) additions of unpaid interest to the outstanding principal balance of the loan evidenced by the Note, with interest thereon. Reference is made to the Note for a complete description of the adjustable rate terms of the indebtedness secured by this Deed of Trust.

(45) Borrower shall not, without prior written consent of Lender, consent to or vote in favor of the establishment, approval or creation of, or incorporation of the Property into, any Community Facilities District, Mello Roos District, or any other district or organization in which public improvements are financed via bonds or public funds, and repaid by the landowner. Borrower further agrees to provide prompt written notice to Lender immediately upon receipt of any information which indicates that the Property is or may in the future be included in any Community Facilities District, Mello Roos District, or any other district or organization in which public improvements are financed via bonds or public funds, and repaid by landowners.

EXHIBIT ___A___

PAGE ___9___

Loan No. 49964368

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by Borrower and recorded with it.

**BORROWER(S):**

_____
Daniel Zarazua Ramos

_____
Monica Huerta Martinez

EXHIBIT A
PAGE 10

FUN 20108                                    Page 8

# ACKNOWLEDGMENT

STATE OF _Calif._ )
) SS.
COUNTY OF _Solano_ )

On _10/23/06_, before me, _C. Lively, Notary Public_,

personally appeared _Daniel Zarazua Ramos_
_Monica Huerta Martinez_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____ (Seal)

[Notary Seal: C. LIVELY, COMM. # 1-5776, NOTARY PUBLIC – CALIFORNIA, SOLANO COUNTY, Comm. Exp. AUG...]

This Certificate must be attached to:

Title or type of Document: _DT_
Number of pages: _10_
Date of document: _10/18/06_
Signer(s) other than named above: _∅_

ACKNOW (2003-10-24)

EXHIBIT _A_
PAGE _11_

Escrow No.: 06-66002864-CL
Locate No.: CACTI7734-7748-1660-0031109212
Title No.: 06-31109212-GH

# EXHIBIT "A"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA OF THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

LOT 97 AS SHOWN ON THAT CERTAIN MAP ENTITLED "PLAT OF PRIMROSE UNIT NO. 1-B", FILED IN THE OFFICE OF THE COUNTY RECORDER OF SACRAMENTO COUNTY, CALIFORNIA, ON JANUARY 31, 1997, IN BOOK 244 OF MAPS, AT PAGE 16.

APN: 063-0250-056-0000

Exhibit Page - Legal(exhibit)(8-02)

EXHIBIT  A
PAGE  12

**SERVICELINK, IRVINE**

RECORDING REQUESTED BY

T.D. SERVICE COMPANY

and when recorded mail to
T.D. SERVICE COMPANY
1820 E. FIRST ST., SUITE 210
P.O. BOX 11988
SANTA ANA, CA 92711-1988

Sacramento County Recording
Craig A Kramer, Clerk/Recorder
BOOK 20071128 PAGE 0130
Check Number 7174
Wednesday, NOV 28, 2007  8:14:32 AM
Ttl Pd  $12.00  Nbr-0005188801

MAL/64/1-2

_1538130_ SPACE ABOVE THIS LINE FOR RECORDERS USE _____

NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

"IMPORTANT NOTICE"

T.S. No: A348126 CA    Unit Code: A    Loan No: 49964368/RAMOS
AP #1: 063-0250-056
Property Address: 4529 SPELLBINDER COURT, SACRAMENTO, CA  95826

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $7,558.27, As of November 26, 2007

and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

EXHIBIT __B__

PAGE __13__

Page 2
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

T.S. No: A348126 CA    Unit Code: A    Loan No: 49964368/RAMOS
AP #1: 063-0250-056

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:
Foreclosure Department
First Federal Bank of
California
401 Wilshire Blvd.
Santa Monica, CA 90401
(310) 319-6089

If you have any questions, you should contact a lawyer or the government agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION**

NOTICE IS HEREBY GIVEN THAT: SEASIDE FINANCIAL CORPORATION is duly appointed Trustee under the following described Deed of Trust:

**Trustor:** DANIEL ZARAZUA RAMOS, MONICA HUERTA MARTINEZ

Recorded October 30, 2006 as Instr. No. --- in Book 20061030 Page 1582 of Official Records in the office of the Recorder of SACRAMENTO County; CALIFORNIA

Said Deed of Trust secures certain obligations including one Note for the sum of **$320,400.00**

That the Beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
**THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE SEPTEMBER 1, 2007 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST AND IMPOUNDS. PLUS LATE CHARGE(S). FEE RECEIVABLES IN THE AMOUNT OF $105.00.**

That by reason thereof, the present Beneficiary under such Deed of Trust has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.
DATED 11/26/07

SEASIDE FINANCIAL CORPORATION, BY T.D. SERVICE COMPANY AS AGENT FOR THE TRUSTEE, BY SERVICELINK, AS AGENT FOR T.D. SERVICE COMPANY

BY _____*Zarah Declaro*_____   BY _____
     ZARAH DECLARO

We are assisting the Beneficiary to collect a debt and any information we obtain will be used for that purpose whether received orally or in writing.

EXHIBIT __B__
PAGE __14__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ZARAZUA RAMOS,<br><br>    Plaintiff,<br><br>  v.<br><br>WORLD SAVINGS, et al.,<br><br>    Defendants.<br>_____/ | No. Misc. C 07-80249 CRB<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

    Plaintiff, proceeding pro se, filed this action against "WORLD SAVINGS, US Vessel DOES, ROES, and MOES 1-100 et al, US Vessel" as a miscellaneous action. Plaintiff's papers are incomprehensible and it is impossible for the Court to discern the basis for plaintiff's lawsuit. It appears that plaintiff is demanding approximately $30 million from World Savings, but even that fact is unclear and the Court cannot discern the basis for the demand.

    Accordingly, plaintiff's "action" is DISMISSED with 20 days leave to amend. If plaintiff wishes to proceed with this action, plaintiff must file a complaint that clearly identifies the parties and the claims that plaintiff is making and the facts that support his

//
//
//

EXHIBIT C
PAGE 15

1 | claims. Citation to random legal authorities is not sufficient to state a claim.

**IT IS SO ORDERED.**

Dated: October 31, 2007

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL ZARAZUA RAMOS,

  Plaintiff,

v.

WORLD SAVINGS, et al.,

  Defendants.

No. Misc. C 07-80249 CRB

**ORDER OF DISMISSAL WITH PREJUDICE**

  Plaintiff, proceeding pro se, filed this action against "WORLD SAVINGS, US Vessel DOES, ROES, and MOES 1-100 et al, US Vessel" as a miscellaneous action. As plaintiff's papers are incomprehensible and it is impossible for the Court to discern the basis for plaintiff's lawsuit, on October 31, 2007 the Court dismissed plaintiff's lawsuit with 20 days leave to amend.

  As of the date of this Order plaintiff has not amended his complaint and has not otherwise communicated with the Court; accordingly, plaintiff's complaint is DISMISSED with prejudice.

  **IT IS SO ORDERED.**

Dated: November 28, 2007

              CHARLES R. BREYER
              UNITED STATES DISTRICT JUDGE

G:\CRBALL\2007\80249misc\orderofdismissal2.wpd

EXHIBIT D

PAGE 17



EXHIBIT D
PAGE 18

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, Suite 800, Los Angeles, California 90067-2512.

On January 22, 2008, I served true copies of the following document(s) described as **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT OF DANIEL ZARAZUA RAMOS**

on the interested parties in this action as follows:

Daniel Zarazua Ramos                           In Pro Per
Monica Huerta Martinez
4529 Spellbinder Court
Sacramento, California 95826-6509

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Epport, Richman & Robbins, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing as set forth in this Proof of Service.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction this service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 22, 2008, at Los Angeles, California.

_____
Darice Pequignot